UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


UNITED STATES OF AMERICA,

     Plaintiff/Respondent,

                                  Case No. 05-80955

-vs-                               HON AVERN COHN

D-28, GWENDOLYN DESHAWN BROWEN,

     Defendant/Petitioner.

_____/


**MEMORANDUM AND ORDER DENYING MOTION UNDER 28 U.S.C. § 2255**

I.

This is a criminal case. On August 3, 2007, defendant pled guilty to conspiracy to launder monetary instruments, in violation of 21 U.S.C. § 1956. Defendant was sentenced to 70 months. She is did not file a direct appeal.

Before the Court is defendant's motion under 28 U.S.C. § 2255. For the reasons that follow, the motion is DENIED.

II.

On July 20, 2009, defendant filed a motion styled

> Browen Files For A Writ Of *Coram Nobis* And/Or *Audita Querela* Under Section 1651, Of Title 28 United States Code, "The All Writ Act"

She argued that "the indictment fails to state an offense, and renders the conviction in this matter unconstitutional." The Court denied the motion on the grounds that *coram nobis* relief is available only to a Petitioner who is no longer in custody. Because

defendant was still in custody serving her sentence, she was not entitled to this relief.

The Court also found that Count Ten of the indictment, to which defendant pled guilty,

tracked the statutory language and was sufficient to state an offense.  Finally, the Court

stated that the Supreme Court's decision in United States v. Santos, 128 S. Ct. 2020

(2008), on which defendant relied, did not deal with the sufficiency of an indictment and

therefore did not provide a basis for relief.  See Order filed September 3, 2009.

In her § 2255 motion, defendant raises essentially the same claim, arguing (1)

the Court lacked jurisdiction to accept her guilty plea because the offense to which he

pleaded guilty was a "non-offense," and (2) she is factually and actually innocent of the

offense of money laundering as defined in Santos.

III.

Title 28 U.S.C. § 2255 provides:

A prisoner in custody under sentence of a court established by Act of
Congress claiming the right to be released upon the ground that the
sentence was imposed in violation of the Constitution or laws of the United
States, . . . of that the sentence was in excess of the maximum authorized
by law, or is otherwise subject to collateral attack, may move the court
which imposed the sentence to vacate, set aside or correct the sentence.

To prevail under § 2255, defendant must show a "fundamental defect which

inherently results in a complete miscarriage of justice." U.S. v Timmreck, 441 U.S. 780,

783 (1979) (quoting Hill v U.S., 368 U.S. 424, 428 (1962)).

IV.

As to defendant's first argument, the Court has already found that the indictment

was sufficiently clear and Santos does not apply to the sufficiency of the indictment.

There is no basis to reconsider this ruling.

2

Defendant's second argument is also based on Santos.  In Santos, a divided Supreme Court held that "proceeds" in the context of an illegal gambling operation means "profits."  Assuming that defendant may raise Santos in a § 2255 proceeding[1] and assuming Santos' definition of "proceeds" applies in money laundering cases involving drug trafficking,[2] there was more than sufficient evidence to find that the proceeds in defendant's transactions involved post-expense profits within the meaning of Santos.  As the government states at p. 5-6:

> Defendant pleaded guilty pursuant to a Rule 11 Plea Agreement which provided a factual basis as follows:
>> From on or about February 22, 2002 through on or about July 6, 2005, defendant Gwendolyn Deshawn Browen conspired with Terry Flenory and others to launder $666,966.00 in narcotics proceeds by redeeming or causing the redemption of winning State of Michigan lottery tickets that had been purchased from the true winners with cash generated from cocaine sales. With the proceeds of these redeemed lottery tickets, defendant Gwendolyn Deshawn Browen purchased a home in Canton, Michigan, a 2004 Range Rover SUV, and a 2005 BMW760LI.
>
> Rule 11 Plea Agreement at 2.
>
>  . . During her plea colloquy, defendant admitted that she had redeemed over $600,000 in winning lottery tickets that she knew had been purchased with drug money.  Defendant's Plea Hearing at 10-11. Defendant also admitted that she purchased an expensive home in Canton and two luxury vehicles ( a Range Rover and a BMW) with the money that she received after having cashed in the winning lottery tickets,. Defendant further admitted that she redeemed the tickets in an effort to "conceal the true source, that is Terry Flenory's money," which she used

---

[1]Some courts have held that Santos does not apply retroactively in § 2255 proceedings.  See Haukedahl v. United States, 2009 WL 961157 (N.D. Ohio April 7, 2009); Wooten v. Cauley, 2009 WL 3834093, (E.D. Ky. Nov. 16, 2009).

[2]In United States v. Baker, 2008 WL 4056998 (E.D. Mich. Aug. 27, 2008), the Court held that Santos' definition of "proceeds " applied to another defendant in this case.  As the government points out, other courts have interpreted Santos as applying only to money laundering cases involving gambling.

3

to purchase the home in Canton, MI and the luxury vehicles. Id. at 12. These vehicles, according to defendant were purchased for her personal use. Defendant confirmed that she included the proceeds from the lottery tickets as income on her 2002 through 2005 income tax returns. Id. at 18.

. . .

. . . Defendant's admissions as well as the record as developed satisfies both Santos and the law in this Circuit, because the purchases of defendant's expensive home and luxury vehicles did not involve payment of the essential expenses of drug trafficking, but rather, the transactions consisted entirely of personal purchases of luxury items from the profits of drug trafficking, which, in turn, promoted the drug trafficking activities of the organization and its members.

SO ORDERED.

Dated: January 28, 2010                    s/ Avern Cohn
                                          AVERN COHN
                                          UNITED STATES DISTRICT JUDGE

I hereby certify that a copy of the foregoing document was mailed to Gwendolyn Browen, 40615-039, FCI Minn, P.O. Box 1731 Waseca, MN 56093 and the attorneys of record on this date, January 28, 2010, by electronic and/or ordinary mail.

                                          s/ Julie Owens
                                          Case Manager, (313) 234-5160

4