UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION


UNITED STATES OF AMERICA,

    Plaintiff/Respondent,

                                                Case No. 05-80955
-vs-                                                 HON AVERN COHN

D-28, GWENDOLYN DESHAWN BROWEN,

    Defendant/Petitioner.

_____/

## **ORDER DENYING MOTION FOR CERTIFICATE OF APPEALABILIY**

I.

This is a criminal case. On August 3, 2007, defendant pled guilty to conspiracy to launder monetary instruments, in violation of 18 U.S.C. § 1956. On September 22, 2008, defendant was sentenced to 70 months. She did not file a direct appeal. On September 28, 2009, defendant filed a motion under 28 U.S.C. § 2255, contending that (1) the Court lacked jurisdiction to accept her guilty plea because the offense to which he pleaded guilty was a "non-offense," and (2) she is factually and actually innocent of the offense of money laundering as defined in United States v. Santos, 128 S.Ct. 2020 (2008). The Court denied the motion. See Memorandum and Order, filed January 28, 2010.

Before the Court is defendant's motion for a certificate of appealability (COA). For the reasons that follow, the motion will be denied.

II.

Before defendant can appeal the Court's decision, a COA must issue. See 28 U.S.C. § 2253(c)(1) and Fed. R. App. P. 22(b). A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). In Slack v. McDaniel, 529 U.S. 473, 120 S. Ct. 1595 (2000), the United States Supreme Court held that where, as here, a petition is rejected on the merits, "the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Id. at 1604.

The Supreme Court has also explained that "[t]his threshold inquiry does not require full consideration of the factual or legal bases adduced in support of the claims." Miller-El v. Cockrell, 123 S.Ct. 1029, 1039 (2003). "A prisoner seeking a COA must prove 'something more than the absence of frivolity' 'or the existence of mere good faith on his or her part.'" A prisoner need not prove that "some jurists would grant the petition for habeas corpus .... a claim can be debatable even though every jurist of reason might agree, after the COA has been granted and the case has received full consideration, that petitioner will not prevail." Id. at 1040.

In this Circuit, the Court must make an individualized determination of each claim raised in the petition in considering whether or not to grant a COA. See Murphy v. State of Ohio, 263 F.3d 466 (6th Cir. 2001) (per curiam).

III.

Having carefully reviewed the file, for all the reasons stated in the January 28, 2010 order, reasonable jurists would not debate whether defendant's claims deserve to proceed further or that the Court otherwise erred in denying the motion. Accordingly, a COA is DENIED.

SO ORDERED.


Dated: March 29, 2010  S/Avern Cohn
AVERN COHN
UNITED STATES DISTRICT JUDGE



I hereby certify that a copy of the foregoing document was mailed to Gwendolyn Browen, 40615-039, FCI Minn, P.O. Box 1731 Waseca, MN 56093 and the attorneys of record on this date, March 29, 2010, by electronic and/or ordinary mail.

 S/Julie Owens
Case Manager, (313) 234-5160